Gopstein v Vad (2026 NY Slip Op 01402)

Gopstein v Vad

2026 NY Slip Op 01402

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 805001/19|Appeal No. 6079|Case No. 2025-06044|

[*1]Sheldon Gopstein, Plaintiff-Respondent,
vVijay B. Vad, M.D., Defendant-Appellant.

Kaufman Borgeest & Ryan LLP, New York (Mark Goreczny of counsel), for appellant.
Law Office of Sheldon H. Gopstein, New York (Sheldon H. Gopstein of counsel), for respondent pro se.

Order, Supreme Court, New York County (John J. Kelley, J.), entered August 20, 2025, which, to the extent appealed from, denied, in part, defendant's motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, without costs.
Defendant established prima facie that he did not deviate from good and accepted medical practice in his treatment of plaintiff's spinal injury (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendant's expert, a board-certified pain management specialist, opined in his affidavit that epidural steroid injections administered to both the L4 and L5 levels of plaintiff's lumbar spine were clearly indicated based on MRI evidence. Further, the expert opined that the injections did not cause any nerve injury, as defendant used a small needle size and plaintiff's symptoms were inconsistent with an "iatrogenic nerve injury," which would have resulted in immediate symptoms persisting for several days to several weeks. The expert also stated that even, if the needle caused direct injury to plaintiff's nerve, it still would not have constituted a departure because nerve injury is an extremely rare but generally unavoidable risk that heals completely within a few days.
In opposition, plaintiff raised a triable issue of fact as to whether defendant deviated from the standard of care by submitting an affidavit from his medical expert, a board certified anesthesiologist and pain medicine physician. In his affidavit, plaintiff's expert opined that defendant's attempt to perform the injection under "high pressure" — or "high power," as defendant stated at his deposition — deviated from the standard of care, especially in light of the lack of medical literature validating the technique. Plaintiff's expert also opined that the L5 injection, which tried to reproduce plaintiff's symptoms "by directly contacting the body of the nerve with the procedure needle," was a deviation from the standard of care. Instead, the expert stated, the standard of care required defendant to avoid aggravating plaintiff's symptoms and to avoid contacting the spinal nerve, which can cause irreversible nerve damage leading to chronic pain. According to plaintiff's expert, defendant's departures were the proximate cause of plaintiff's nerve injury, and the only plausible explanation for the injury was needle trauma to the nerve during the L5-level injection.
Defendant also failed to establish that the lack of informed consent cause of action for the L5 injection actually sounds in battery and therefore should have been dismissed as time-barred. Plaintiff provided consent for "necessary or desirable" procedures to address "unforeseen conditions" arising during the L4 injection, and defendant's own expert opined that this language encompassed consent for the L5 injection. As a result, the L5 injection was not totally unauthorized or related to a completely different condition, as would be necessary to find a battery cause of action (Messina v Alan Matarasso, M.D., F.A.C.S., P.C., 284 AD2d 32, 35 [1st Dept 2001]). Rather, plaintiff alleged that he consented to a procedure without being fully aware of the risks and consequences involved, thus pleading a cause of action for lack of informed consent (see id). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026